# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSEPH P. CHURCHILL,

    Petitioner,

v.

WARDEN, SOUTHEASTERN
CORRECTIONAL INSTITUTION

    Respondent.

CASE NO. 2:18-CV-296
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, seeks a writ of habeas corpus under 28 U.S.C. § 2254. This matter is before the Court on the *Amended Petition* (ECF No. 10), Respondent's *Amended Return of Writ* (ECF No. 26), Petitioner's *Traverse* (ECF Nos. 17, 29)[1], and the exhibits filed by the parties. For the following reasons, the Magistrate Judge recommends that the *Amended Petition* be **DENIED** and that this action be **DISMISSED.**

### Facts and Procedural History

The state appellate court summarized a number of the relevant facts as follows:

On August 7, 2014, the Delaware County Grand Jury returned an indictment against the Appellant for two counts of Breaking and Entering pursuant to R.C. 2911.13(A), two counts of possessing criminal tools pursuant to R.C. 2923.24(A), two counts of theft pursuant to R.C. 2913.02(A)(1), and one count of failure to comply pursuant to R.C. 2921.331(B). A warrant was issued for appellant's arrest on the same date. Appellant was incarcerated in the Franklin County Jail on another matter on the date the indictment was filed. He was transferred to Orient Correction Center on June 10, 2015. The record does not contain any evidence reflecting that the appellant was arrested pursuant to the indictment.

---

[1] Petitioner filed two copies of his *Traverse*. (ECF Nos. 17, 29.) For convenience and clarity, the Magistrate Judge cites the one filed on February 13, 2019. (ECF No. 29.)

> On June 11, 2015, appellant was notified by corrections center personnel that a warrant had been issued for his arrest for the Delaware County charges and, on June 22, 2015, appellant entered a not guilty plea to all counts. On August 27, 2015, the appellant amended his plea to guilty to two counts of Breaking and Entering pursuant to R.C. 2911.13(A), felonies of the fifth degree, and one count of Failure to Comply pursuant to R.C. 2921.331(B), a felony of the fourth degree. The remaining charges were dismissed as part of a plea agreement.
>
> Appellant appeared for sentencing on September 26, 2015 and was sentenced to a total of 3 years prison imprisonment, one year for each count. The court ordered the sentences to run consecutive to each other and consecutive to the sentence appellant was serving in an unrelated matter.
>
> Appellant filed a notice of appeal and a request for appointment of counsel. Counsel was appointed and appellant argued error in sentencing regarding the description of post release control.

*State v. Churchill*, No. 17 CAA 10 0068, 2018 WL 1391622, at *1 (Ohio Ct. App. March 19, 2018).

While that direct appeal was pending, Petitioner moved *pro se* for leave to file a supplemental appellate brief and to dismiss his appointed appellate counsel for failing to raise a speedy trial claim in his direct appeal. (ECF No. 11, at PAGEID ## 92–94.) The state appellate court denied both of those motions because Petitioner was represented by counsel, and thus, he was prohibited from filing his own briefs. (*Id.*, at PAGEID ## 98–99.) The state appellate court noted, however, that Petitioner could file a motion to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B). (*Id.*)

The state appellate court ultimately sustained the post-release related errors raised by Petitioner's appointed appellate counsel. (ECF No. 11, at PAGEID ## 100–105.) The state appellate court described the procedural history that next occurred:

> This court remanded the case to the trial court for re-sentencing consistent with proper imposition of post-release control but affirmed the balance of the trial court's ruling. *State v. Churchill,* 5th Dist., Delaware App. No. 15CAA10084, 2017—Ohio—581. A re-sentencing hearing was conducted on March 28, 2017,

> the sentence was re-imposed with the corrected post-release control language and all other terms remained the same. No appeal was taken from the re-sentencing.
>
> In *State vs. Churchill*, Delaware App No 15CAA100084 appellant filed an application for reopening his appeal pursuant to App.R. 26 (B). Within that filing appellant argued his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel and that his trial counsel was ineffective for failing to request dismissal of the indictment on speedy trial grounds. Appellant contended his arrest on the charges in the indictment occurred 315 days after the filing of the indictment. He asserted he was imprisoned in an adjoining county during that period of time.
>
> In our judgment entry of April 3, 2017, we considered the appellant's allegations of ineffective assistance of counsel and denied the application for reopening, holding that the law did not impose a duty of reasonable diligence on the state to find and inform appellant of the indictment in the instant case. We further held appellant did not demonstrate a reasonable probability of a change in the outcome of the appeal had appellate counsel raised a claim of ineffective assistance of trial counsel. (*State v. Churchill,* Delaware App. No. 15CAA10084, Judgment Entry, Apr. 3, 2017).

*State v. Churchill*, 2018 WL 1391622, at *1–2. Petitioner did not appeal the state appellate court's April 3, 2017, decision denying his Rule 26(B) motion to the Ohio Supreme Court.

Petitioner subsequently filed a motion in the state trial court to withdraw his guilty plea. (ECF No. 11, at PAGEID ## 145–152.) Although the trial court denied that motion, Petitioner did not appeal that determination. (*Id*., at PAGEID # 165–66.) Petitioner then filed a second motion in the trial court seeking to withdraw his guilty plea. (*Id*., at PAGEID ## 171–77.) The trial court denied that second motion and Petitioner appealed that judgment to the state appellate court. (*Id*., at PAGEID ## 181–82, 183-191.) The state appellate court denied that appeal, *State v. Churchill*, 2018 WL 1391622, at *3, but Petitioner did not appeal that determination to the Ohio Supreme Court.

On March 26, 2018, Petitioner filed his *Petition* by placing it in the prison mailing system. (ECF No. 1–1.) Petitioner thereafter sought and received leave to file an *Amended*

3

*Petition*. (ECF Nos. 3, 9.) In the *Amended Petition*, Petitioner asserts that he received ineffective assistance of trial counsel because trial counsel failed to move to dismiss the Delaware County indictment on speedy trial grounds. (ECF No. 10.) Respondent contends that this claim is procedurally barred and without substantive merit. (ECF No. 26.)

**Law and Analysis**

The Magistrate Judge concludes that Petitioner's claim— that he received ineffective assistance of trial counsel— is procedurally barred.

Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). Nevertheless, in recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims must first present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to present his claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6, 8 (1982) (*per curiam*) (citing *Picard v. Connor,* 404 U.S. 270, 275–78 (1971)). In addition, federal courts will not consider the merits of procedurally defaulted claims unless a petitioner demonstrates cause for the default and resulting prejudice, or where failure to review the claim would result in a fundamental miscarriage of justice because a constitutional violation probably resulted in the conviction of someone who is actually innocent of the substantive offense. *Lundgren v. Mitchell*, 440 F. 3d 754, 763 (6th Cir. 2006) (citing *Coleman v. Thompson*, 501 U.S. 722, 749 (1991)); *Dretke v. Haley,* 541 U.S. 386, 392 (2004) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

4

"A claim may be procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)). First, a claim will be procedurally defaulted where a petitioner fails to raise and pursue a claim through the state's "ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (citing *Williams*, 460 F. 3d 806)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 846–47 (1999)). Thus, a petitioner must "'obtain consideration of a claim by a state courts . . . while state-court remedies are still available.'" *Lundgren*, 440 F. 3d at 763 (quoting *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir. 2000) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). If, at the time the petition is filed, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982); *see also Coleman*, 501 U.S. at 735 n.1 (1991); *Lovins*, 712 F.3d at 295 ("a claim is procedurally defaulted where the petitioner failed to exhaust state-court remedies, and the remedies are no longer available at the time the federal habeas petition is filed because of a state procedural rule.")

Part of this procedural default analysis involves the requirement that a federal constitutional claim be "fairly presented" to the state courts. "A petitioner 'fairly presents' the 'substance of his federal habeas corpus claim' when the state courts are afforded sufficient notice and a fair opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim." *Cowans v. Bagley*, 236 F.Supp.2d 841, 857 (S.D. Ohio 2002) (quoting *Anderson*, 459 U.S. at 6). Conversely, "a petitioner does not fairly present a claim if he presents an issue to the state courts under one legal theory, and then presents the issue to the federal courts under a different legal theory . . . . [r]ather, he must present to the federal court essentially

the same facts and legal theories that were considered and rejected by the state courts." *Id.* (citing *Lorraine v. Cole*, 291 F.3d 416, 425 (6th Cir. 2002)).

Second, a claim may be procedurally defaulted if state-court remedies have been exhausted but the last reasoned state-court judgement declines to reach the merits of the claim because of a petitioner's failure to comply with a state procedural rule. *Lovins*, 712 F.3d at 295; *Lundgren*, 440 F. 3d at 763. In such circumstances, courts in the Sixth Circuit engage in a four-part analysis described in *Maupin v. Smith* 785 F.2d 135, 138 (6th Cir. 1986). The court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. Second, the court must determine whether the state courts actually enforced the state procedural sanction. Third, the court must determine whether the forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Maupin*, 785 F.2d at 138. Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) cause sufficient to excuse the default and (2) that he was actually prejudiced by the alleged constitutional error. *Id.*

The Magistrate Judge concludes that Petitioner's ineffective assistance of trial counsel claim is procedurally barred in the first manner described above. Petitioner failed to raise and pursue this claim through the state's ordinary appellate review procedures. Trial counsel's failure to move to dismiss the Delaware indictment on speedy trial grounds would have appeared on the face of the record. The record reveals that Petitioner was represented by a different lawyer on direct appeal than he was during the trial court proceedings. (ECF No. 11, at PAGEID ## 55, 69.) When a defendant is represented by a different lawyer on direct appeal, ineffective

assistance of trial counsel claims that appear on the face of the record must be raised in a direct appeal, or they will be waived under Ohio's doctrine of *res judicata. Van Hook v. Anderson*, 127 F. Supp.2d 899, 913 (citing *State v. Perry,* 10 Ohio St.2d 175 (1967)). Such are the circumstances here.

Petitioner makes no allegations that constitute cause to excuse this default. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[,] '. . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule.'" *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488). It is Petitioner's burden to show cause and prejudice. *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007).

Petitioner contends that he received ineffective assistance of appellate counsel because appellate counsel failed to raise trial counsel's ineffectiveness on direct appeal. In this case, however, Petitioner's ineffective assistance of appellate counsel claim does not constitute cause to excuse the default of his ineffective assistance of trial counsel claim. Although Petitioner filed a Rule 26(B) motion alleging ineffective assistance of appellate counsel, he failed to appeal the state appellate court's denial of his Rule 26(B) motion to the Ohio Supreme Court. For that reason, the ineffective assistance of appellate counsel claim is procedurally barred, and thus, it cannot serve as cause for the default of another claim. *See Edwards v. Carpenter*, 529 U.S. 446,

450–51 (2000) (holding that an ineffective assistance of counsel claim may constitute a cause for procedural default only when that claim has been presented to the state courts and is not itself procedurally defaulted); *Carter v. Mitchell*, 693 F.3d 555, 565 (6th Cir. 2012) (finding that an Ohio petitioner's ineffective assistance of appellate counsel claim was procedurally defaulted and could not constitute cause to excuse the default of other grounds; petitioner failed to appeal the appellate court's denial of his Rule 26(B) motion, and thus, "he did not give the Ohio Supreme Court a full or fair opportunity to rule on it.")

Petitioner acknowledges that he procedurally defaulted his ineffective assistance of appellate counsel claim by failing to appeal the denial of his Rule 26(B) motion to the Ohio Supreme Court. (ECF No. 29, at PAGEID # 423.) Petitioner contends, however, that he has cause to excuse that default. Specifically, he indicates that he received the state appellate court's decision denying his Rule 26(B) motion on April 7, 2017. (*Id.*) He further indicates that he began working on his appeal of that decision; that he had substantially completed it; and that he intended to mail it to the Ohio Supreme Court on May 11, 2017, because it was due on May 18, 2017. (*Id.*) He asserts, however, that the prison law library computers became inoperable on May 1, 2017, and that although he was initially told that they would be back online in a few days, they remained inoperable until May 16, 2017. (*Id.*, at PAGEID ## 423–24.) Petitioner submits a notarized statement from a library staff member indicating that the computers were inaccessible to inmates from approximately May 1, 2017, until May 16, 2017. (ECF No. 18–1, at PAGEID # 368.) Petitioner also asserts that while the computers were inoperable, he did not have access to LEXIS, and the prison library does not contain federal or state law reporters. (ECF No. 29, at PAGEID # 424.) Petitioner further asserts that as a result, he could not "reacquire the state and federal case law" that he had cited in his appeal to the Ohio Supreme

8

Court while the computers were down. (*Id.*) In short, Petitioner alleges that his lack of access to legal materials constitutes cause to excuse his procedural default.

Courts have held that a habeas petitioner's lack of access to the law library can constitute cause in exceptional circumstances. A prisoner's constitutional right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith,* 430 U.S. 817, 828 (1977). When lack of access to a law library is so extreme that it can be deemed a lack of access to the courts, the lack can be imputed to the state, and it can thus constitute an external cause that might excuse a procedural default. *See e.g.*, *Lamp v. Iowa*, 122 F.3d 1100, 1105 (8th Cir. 2007). The Supreme Court has explained, however, that a prisoner's access must only be meaningful. *Bounds,* 430 U.S. 828. It does not, however, follow that access must be perfect or complete. A petitioner seeking to establish cause bears the burden of demonstrating that a prison resources were so inadequate that it was impossible for him to access the courts and raise his claims. *Doliboa v. Warden U.S. Penitentiary Terre Haute*, 503 Fed. App'x. 358, 360 (6th Cir. Oct. 29, 2012) (citing *Jones v. Armstrong*, 367 Fed. App'x. 256, 258 (2d Cir. 2010)). Moreover, a petitioner must show specifically how the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Williams v. Buss*, 535 F.3d 683, 686 (7th Cir. 2008); *Armstrong*, 367 Fed. App'x. at 258.

In this case, Petitioner alleges that the library computers were working for 22 days between the time that his Rule 26(B) motion was denied and the date that his appeal was due. Petitioner also indicates that he was aware of the due date and that he had already substantially completed his work on his appeal before the computers became inoperable. In addition, even

though Petitioner indicates that he could not "reacquire" the law that he had cited in the draft that he had prepared before the computers stopped working, it is unclear how the lack of computer access hindered his efforts because, due to the nature of the appeal, Petitioner was required to present to the Ohio Supreme Court the same arguments that he had already raised in his Rule 26(B) motion. Although Petitioner may not have had as much access to legal materials as he would have wished, the Magistrate Judge cannot conclude that limitation was so extreme that it made it impossible for him to access to the courts such that it constitutes cause to excuse his procedural default.

Petitioner's reliance on *Phillips v. Mills,* No. 98–5061, 1999 WL 685925 (6th Cir. Aug. 25, 1999) is misplaced. In that case, a petitioner who was serving a sentence in Alabama repeatedly asked for access to Tennessee legal materials that were not available in the Alabama prison library so that he could challenge a separate conviction in Tennessee. *Id*. at *1–2. In addition to denying his requests for legal materials, Alabama prison officials erroneously told the petitioner that he would have to wait until he was transferred to a Tennessee prison before he could attack his Tennessee conviction. *Id*. at *2. Upon returning to Tennessee, the petitioner filed an untimely motion for post-conviction relief asserting claims that would have ordinarily been procedurally barred due to their untimeliness. The Sixth Circuit Court of Appeals concluded, however, that the petitioner had demonstrated cause to excuse his procedural default given that he had repeatedly requested the Tennessee materials and was erroneously advised by a prison official that he had to wait until he returned to Tennessee to attack his Tennessee convictions. *Id*. at *4. In this case, Petitioner does not allege that he lacked complete access to relevant legal materials for the entire 45-day period that he had to file his appeal. Nor does he

allege that he was given erroneous information by a prison official upon which he relied to his detriment.  *Phillips* is thus readily distinguishable.

For these reasons, the Magistrate Judge concludes that Petitioner's ineffective assistance of trial counsel claim is procedurally barred.  The Magistrate Judge further concludes that Petitioner has not demonstrated cause to excuse that default.  Petitioner's ineffective assistance of appellate counsel claim does not constitute cause to excuse that default because it is also procedurally barred and thus it cannot constitute cause to excuse the default of another claim.

## Recommended Disposition

The Magistrate Judge **RECOMMENDS** that the petition be **DENIED** and this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have a District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


**DATE:  June 24, 2019**                         **  /s/ *Elizabeth A. Preston Deavers***
                                                 **ELIZABETH A. PRESTON DEAVERS**
                                                 **UNITED STATES MAGISTRATE JUDGE**