# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOSEPH P. CHURCHILL,

                Petitioner,       :       Case No. 2:18-cv-296

  - vs -                         District Judge Michael H. Watson
                                 Magistrate Judge Michael R. Merz

Warden,
  Mansfield[1] Correctional Institution,

                            :

                Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Joseph Churchill to obtain relief from his convictions in the Delaware County Court of Common Pleas. The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District.

Petitioner pleads one ground for relief

> **Ground one:** Trial counsel was ineffective for failure to file a motion to dismiss indictment on speedy trial violation.
>
> **Supporting facts:** Indicted August 7, 2014. "Warrant To Indictment ON INDICTMENT" issued at 1:53 p.m., August 7, 2014. The name and address on the warrant was, "Joseph P. Churchill, c/o Franklin County Jail." At that time the petitioner was incarcerated in the Franklin County Jail, arrested July 9, 2014; and remained there until June 1, 2015. However, the state was aware that defendant was incarcerated in the adjoining county, and failed to execute the

---

[1] Petitioner has reported to the Court his transfer to the Mansfield Correctional Institution. Accordingly, the Warden of that facility is the proper respondent in this cased and the caption is ordered amended as set forth above.

1

> warrant until June 22, 2015, 315 days later, petitioner was unaware
> of the pending charges/indictment.

(Amended Petition, ECF No. 10, PageID 32.)

Respondent defended on the grounds this claim was barred by Petitioner's procedural default in presenting it to the Ohio courts and also that it was without substantive merit (ECF No. 26). Chief Magistrate Judge Elizabeth Preston Deavers, to whom this case was previously referred, recommended dismissing it as procedurally defaulted because Petitioner had not timely appealed to the Supreme Court of Ohio from denial of his Ohio App. R. 26(B) application to reopen his direct appeal (Report and Recommendations, ECF No. 30). In doing so she rejected his claim that he had shown cause and prejudice to excuse the default because the computers at his place of incarceration were not operable during the relevant time period. *Id.*

Contemporaneously with his Objections (ECF No. 33), Petitioner moved (ECF No. 34) to expand the record to include the attached Affidavit of Wayne Perry in which he avers as follows:

> I have been working for the Southeastern Correctional Institution School System for two and a half years and the institution Law Library is under our supervision.
>
> In the latter part of May, 2017, several inmates complained about problems with the Law Library. One of these inmates was Joseph Churchill #716-040.
>
> Mr. Churchill stated that on May 15, 2017, he went to the library to work on his notice of appeal, to the Ohio Supreme Court, but was told by Ms. Hapka, that the Law Library computers were down, but should be back online in a few days. Mr. Churchill then asked one of the Legal Clerks about doing his appeal by hand. The clerk informed Mr. Churchill, that the library did not contain the books necessary to do so. Mr. Churchill stated that he then signed up to use the computer on May 5th and May 8th, but the system was still inoperable. At that time Mr. Churchill stated that he requested a hardcopy Notice of Appeal to the Ohio Supreme court; but was told that the library no longer contained hardcopy motions because all motions had been converted to electronic templates. Mr. Churchill

> then asked to see the book of Ohio Supreme Court Rules of Practice, but was told that it was being used by inmates in segregation.
>
> The other inmates' complaints were similar to Mr. Churchill's, and all were investigated.
>
> After meeting with Ms. Hapka, it was determined that although the administration was aware of the motions being converted to computer templates, it was not sanctioned to discontinue motions in hardcopy. Also, Ms. Hapka did admit to telling Mr. Churchill, and other inmates that the computers would be back on line in a few days, even though she had been informed by staff that it was not known how long the computer would be inaccessible. Ms. Hapka's reasoning was that she did not want to start a panic.
>
> The information, concerning doing a handwritten appeal, given to Mr. Churchill by the clerk was false. It was determined that the clerk was attempting to charge Mr. Churchill and other inmates for legal assistance. He received a conduct report and was fired.
>
> It was also determined that not only was the book that Mr. Churchill requested, Ohio Supreme Court Rules of Practice, being used by inmates in segregation, it was the only copy that the library possessed. There should, at the least, been a copy for the library and segregation. Ms. Hapka was reprimanded and later resigned.

(Exhibit F attached to ECF No. 34.) The Warden opposed expanding the record with the Perry Affidavit because it contained hearsay and an inadmissible legal conclusion by Perry about Petitioner's ability to file (ECF No. 35).

In response, Petitioner moved to expand the record further to include a clarifying affidavit of Mr. Perry in which he avers as follows:

> In the latter part of May, 2017, several inmates, including Joseph Churchill # 716-040, complained about problems with the law library. I was assigned to interview all parties involved, in order to ascertain the validity of the complaints. I interviewed Mr. Churchill, as well as the other inmates, Ms. Hapka, and both of the inmate clerks. The interviews were done on an individual basis; I also did an inspection of the Law Library. As a result of both the interviews and the inspection of the library, I made the following determinations:

1. The book of "The Supreme Court of Ohio Rules of Practice," was not available to inmates, in general population.

2. That the use of hardcopy motions and other legal forms had been discontinued, in violation of Administration Rule 59-LEG-0l.

3. The procedure of converting the hardcopies to computer templates was initiated at the request of Ms. Hapka's predecessor because the library did not, and still does not, provide typewriters.

(Exhibit G attached to ECF No. 38.)

In response to Judge Deavers' Order (ECF No. 40), the Respondent filed a Supplemental Return of Writ[2] with an attached Affidavit from Warden Cook regarding computer and library access (ECF No. 42); the filing includes a request that if the Court allows expansion of the record to include the two Perry affidavits, it also allow expansion to include Warden Cook's affidavit. *Id.* at PageID 489. Thereafter Judge Deavers granted Petitioner's motions to expand and the undersigned hereby grants the Warden's motion to add Warden Cook's affidavit.

## Analysis

**Procedural Default by Failure to Appeal to the Supreme Court of Ohio from Denial of the Application to Reopen**

Petitioner's trial attorney did not make a claim that Petitioner's right to a speedy trial had been violated. Petitioner's new appellate attorney did not raise as an assignment of error on direct appeal that it was ineffective assistance of trial counsel to fail to raise that issue. In his Application to Reopen the Appeal, Petitioner alleged that that failure was ineffective assistance of appellate

---

[2] Docketed with this title although the document itself contains no title in the caption.

counsel.  The Fifth District Court of Appeals rejected that claim and Petitioner did not timely appeal from that determination to the Supreme Court of Ohio.  Such an appeal is a required step in the exhaustion of state court remedies and failure to take that step ordinarily results in a procedural bar to habeas corpus.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  The forty-five day time limit on appeal to Ohio Supreme Court prescribed by S. Ct. Prac. R. 7.01(A)(1) is an adequate and independent state ground of decision.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004)(citations omitted).

A procedural default can be excused by a showing of cause and prejudice.  *Wainwright v. Sykes*, 433 U.S. 72 (1977).  Lack of counsel at the stage of appeal to the Ohio Supreme Court, lack of a trial transcript, unfamiliarity with the English language, and short time for legal research in prison have been held not to establish cause to excuse this default.  *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986).

Judge Deavers recommended dismissing this case on the basis of Churchill's failure to timely appeal to the Supreme Court of Ohio from denial of his 26(B) Application (ECF No. 30).  Most of the filings in the case since she filed that Report have revolved around that recommendation.

Whether or not a habeas petitioner has shown excusing cause and prejudice is a question of federal law on which the habeas court is authorized to take evidence despite the ruling in *Cullen v. Pinholster*, 563 U.S. 170 (2011).  It is therefore not inappropriate to consider the materials that have been added to the record in regard to Petitioner's failure to timely appeal.  Although Respondent asserts the Perry Affidavits contain hearsay, they appear to be admissible under Fed. R. Evid.  801(d)(2)(d) as "made by [a] party's agent or employee on a matter within the scope of that relationship and while it existed… ." Ms. Hapta's Affidavit is admissible on the same basis.

5

On the other hand Warden Cook's Affidavit is not admissible on that basis. Furthermore, his averments are largely conclusory and do not report observations from personal experience. He does not disclaim Perry's averment that he was assigned to investigate inmate complaints in May 2017.

To resolve the conflicts in the evidence, the Court would be required to hold a hearing to assess the credibility of the affiants after cross-examination. To do so would require travel of witnesses, including transport of Petitioner, and appointment of counsel for purposes of the hearing, consuming scarce judicial resources on a fact-intensive question which is of no importance beyond this case. In this time of national health crisis over the COVID-19 pandemic, judicial resources to conduct such a hearing are much scarcer than they would be in normal times. The three courthouses in the District are closed and, although conducting some hearings by videoconference has been authorized, priority for use of the software and bandwidth must be given to original criminal proceedings, as compared with collateral post-judgment cases such as habeas corpus.

Given these exigent circumstances, the undersigned has determined to recommend that this particular asserted procedural default (failure to appeal to the Ohio Supreme Court from denial of the 26(B) Application) be put to one side and the case be decided on the other issues presented. To that end, Judge Deavers' Report (ECF No. 30) is found to be moot and the Clerk is directed to remove it as a pending motion on the docket.

**Other Procedural Bar: Forfeiture[3] by Guilty Plea**

On August 27, 2015, Petitioner pleaded guilty to three counts of the Indictment (Withdrawal of Former Pleas, State Court Record, ECF No. 11, Ex. 10). These three pleas were pursuant to a plea agreement under which the remaining counts of the Indictment were dismissed. Respondent argues Petitioner's guilty pleas waived any speedy trial claim he may have had (Supplemental Return, ECF No. 42, PageID 490.) Petitioner responds that the State raised this defense on direct appeal, but the Fifth District decided the case on the issues he raised (Traverse, ECF No. 48, PageID 513.)

The Magistrate Judge disagrees with this assertion. On direct appeal Churchill did not raise a speedy trial claim at all, nor did the State assert he had waived a speedy trial claim by pleading guilty. Instead, he claimed that the trial court had applied the wrong period of post-release control (three years instead of up to three years). The State argued that he had also waived his right to appeal the morning of the plea taking. Churchill asserts in his Second Assignment of Error that any waiver of right to appeal was invalid for lack of consideration. The Fifth District decided that indeed the term of post-release control was in error and because a judgment with a void post-release control term was void, the right to appeal it could not be waived. *State v. Churchill*, 2017-Ohio-581 (Ohio App. 5th Dist. Feb. 2, 2017). Thus the Fifth District decided nothing about the speedy trial claim on direct appeal. Nor did it decide whether Churchill had validly waived his right to appeal other issues.

A valid, unconditional guilty or no contest plea waives all "constitutional violations

---

[3] This Report uses the term "forfeit" as opposed to "waiver." *Wood v. Milyard*, 566 U.S. 463 (2012): N. 4: "We note here the distinction between defenses that are 'waived' and those that are 'forfeited.' A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve. *Kontrick v. Ryan*, 540 U.S. 443, 458, n. 13 (2004); *United States v. Olano,* 507 U.S. 725, 733 (1993).

occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty or no contest plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991).

A guilty plea constitutes a break in the chain of events leading up to it. *Tollett v. Henderson*, 411 U.S. 258 (1973). Federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett*, 411 U.S. at 266. A guilty plea bars a defendant from raising in federal habeas corpus such claims as the defendant's right to trial and the right to test the state's case against him. *McMann v. Richardson*, 397 U.S. 759 (1970); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

The Ohio Supreme Court has reached the same conclusion as to speedy trial claims. *Montpelier* v. *Greeno* 25 Ohio St. 3d 170 (1986). So has the Sixth Circuit. *Howard v. White*, 76 Fed. App'x. 52, 53 (6th Cir. 2003), (citing *Tollett*, 411 U.S. at 267, *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984), *Kowalak v. United States,* 645 F.2d 534, 537 (6th Cir. 1981), *North Carolina v. Alford*, 400 U.S. 25, 35-36 (1970), *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982), and *United States v. Yunis*, 723 F.2d 795, 796 (11th Cir. 1984)).

Petitioner attempts to avoid the impact of this law by claiming that his guilty plea was the

result of erroneous advice from counsel (Traverse, ECF No. 48, PageID 513.) He attempted to have the guilty plea set aside by filing a motion to withdraw it in the trial court (Motion to Withdraw, State Court Record, ECF No. 11, Ex. 27). He argued he had received ineffective assistance of trial counsel in that his attorney, in advising him to accept the offered plea bargain, had given him erroneous advice about the speedy trial issue and about the maximum sentence he faced if he lost at trial. *Id.* at PageID 152. As it turns out, the attorney's advice about the speedy trial issue was correct (See Merits discussion infra). Churchill asserts the attorney told him he faced a six-year sentence if he lost at trial and Churchill's later research showed he only faced four years if convicted, as opposed to the three years he received as a result of the plea agreement. Churchill he did not disclose that research in the Motion to Withdraw and has not disclosed here.

On July 24, 2017, the trial court denied the Motion to Withdraw (Judgment Entry, State Court Record, ECF No. 11, Ex. 29). Instead of appealing, Churchill moved, after the time to appeal had expired, to vacate the Motion to Withdraw. *Id.* at Ex. 30. Then he filed a new Motion to Withdraw on September 5, 2017. *Id.* at Ex. 32. Judge Krueger denied the Motion to Withdraw, incorporating the reasons he had previously given. *Id.* at Ex. 36. Importantly, he added that "the law of the case" applies. *Id.* at PageID 181.

This time Churchill did appeal, but the Fifth District affirmed. *State v. Churchill*, 2018-Ohio-1031 (Ohio App. 5th Dist. Mar. 19, 2018). It held Judge Krueger was correct to dismiss the second motion to withdraw on the basis of law of the case or *res judicata*:

> [*P15] This court has addressed application of res judicata to multiple filings of motions to withdraw a guilty plea:
>
> > Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

9

> Numerous courts have applied the doctrine of res judicata to successive motions to withdraw a guilty plea. (Citations omitted).
>
> \*\*\*
>
> As succinctly stated in *State v. Kent, Jackson* App. No. 02CA21, 2003-Ohio-6156: 'Res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first post conviction relief petition or motion to withdraw a guilty plea.'" *Sneed* at ¶ 17.
>
> [\*P16] *State v. Green*, 5th Dist. Stark No. 2011 CA 00127, 2011-Ohio-5611, ¶¶ 24-25.
>
> [\*P17] The Sixth District Court of Appeals came to the same conclusion in *State v. Kelm*, 6th Dist. Wood No. WD-11-024, 2013-Ohio-202, ¶ 10 where it held "Ohio courts have recognized that res judicata bars successive Crim.R. 32.1 motions to withdraw guilty pleas, where the grounds to withdraw the plea were raised or could have been raised in the initial motion to withdraw."(Citations omitted).

*Churchill*, 2018-Ohio-1031. As noted in the Merits analysis *infra*, the Sixth Circuit has repeatedly held that decision on the basis of the Perry *res judicata* doctrine is an adequate and independent procedural basis for a state court decision. Because Churchill did not appeal from the denial of his first Motion to Vacate, he is barred by *res judicata* from claiming here that his guilty plea was not knowing, intelligent, and voluntary.

By entering an unconditional guilty plea without raising a speedy trial claim, Petitioner forfeited that claim. Because the claim was forfeited by the guilty pleas, it was not ineffective assistance of trial counsel to fail to raise it in the trial court. Petitioner's Ground for Relief is therefore without merit and should be dismissed on that basis.

**The Merits of Petitioner's Speedy Trial Claim**

Whether or not it constituted ineffective assistance of trial counsel to fail to raise a speedy trial issue was a claim that could have been adjudicated on the record before the Fifth District on direct appeal. That is to say, the record contained all the facts necessary to prove the claim: when the indictment was filed, when the trial was to have been held, and whether trial counsel raised the issue or not.

An issue which can be adjudicated on the direct appeal record must be raised there or be barred from later adjudication by the Ohio criminal *res judicata* doctrine. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

In his 26(B) Application, Churchill asserted that failure to include an ineffective assistance of trial counsel/speedy trial assignment of error constituted ineffective assistance of appellate counsel. Although it could properly have done so, the Fifth District did not decide the 26(B) Application on the basis of *res judicata*. Instead it went to the merits of the speedy trial claim and held there was no speedy trial violation. *State v. Churchill,* Delaware App. No. 15CAA10084, Judgment Entry, Apr. 3, 2017)(unreported; copy at State Court Record, ECF No. 11, Ex. 26). In doing so it rejected Churchill's statutory speedy trial claim on the basis of *State v. Hairston*, 101 Ohio St. 3d 308 (2004), and its own prior decision in *State v. Milner*, 2005-Ohio-3467 (Ohio App. 5th Dist. 2005).

The Fifth District's decision was based on its interpretation of the relationship between Ohio Revised Code § 2945.71 and Ohio Revised Code § 2941.401. That is obviously a question of Ohio law and this Court is bound by the Fifth District's decision on that point. Whereas a federal court on habeas review decides federal law questions *de novo*..., the federal reviewing court is generally bound by state court interpretations of state law. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

In addition to his claim under Ohio law, Churchill also quoted the Speedy Trial Clause of the Sixth Amendment (26(B) Application, State Court Record, ECF No. 11, Ex. 23, PageID 114). He also cited leading United States Supreme Court precedent interpreting the Speedy Trial Clause, *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992).

The Fifth District's decision did not expressly address the constitutional speedy trial claim, but because Churchill raised that claim, the Fifth District's decision must be regarded as having decided it. However, controlling Supreme Court precedent requires deference to the state court decision under 28 U.S.C. § 2254(d)(1) where a federal issue has been raised but the state court has denied the claim with a discussion solely of state law. *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), citing *Childers v. Floyd,* 642 F.3d 953, 968-69 (11th Cir. 2011).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the

12

United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Churchill has not shown anyway in which the Fifth District's decision of his constitutional speedy trial claim was an unreasonable application of *Barker* or *Doggett*. He was imprisoned during the delay on other convictions, so he did not suffer unnecessary pre-trial incarceration. He has not claimed that witnesses who could have offered exculpatory testimony became unavailable. Indeed, his DNA was found in blood and a pry bar at the location of the second break-in and he was pursued from the scene by police, strong evidence of guilt.

In sum, the Fifth District's decision of Churchill's state law speedy trial claim is binding on this Court and its decision of his constitutional speedy trial claim is not an unreasonable application of *Barker* and *Doggett* and is therefore entitled to deference. Because Churchill had no viable speedy trial claim under either Ohio or federal constitutional law, it was not ineffective assistance of trial counsel for his trial attorney to fail to make such a claim. Petitioner's Ground for Relief should therefore be dismissed on the merits.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be

permitted to proceed *in forma pauperis*.

April 7, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.