UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Joseph P. Churchill,**

        **Petitioner,**        Case No. 2:18-cv-296

    v.                          Judge Michael H. Watson
                                 Magistrate Judge Michael R. Merz

**Warden, Mansfield Correctional Institution,**

        **Respondent.**

## OPINION AND ORDER

Petitioner objects, ECF No. 55, to the Magistrate Judge's Report and Recommendations ("R&R"), ECF No. 50, recommending that the Petition in this habeas corpus case be dismissed with prejudice.

When a party objects to a Magistrate Judge's R&R on a dispositive matter, the District Judge reviews *de novo* those portions of the R&R to which objection is made. Having done so, the Court rules on Petitioner's objections.

Petitioner pleads one ground for relief: his trial attorney provided ineffective assistance of trial counsel by failing to file a motion to dismiss the indictment based on a violation of his speedy trial rights.

The Magistrate Judge concluded in the R&R that this claim was forfeited by Petitioner's negotiated guilty plea. R&R, ECF No. 50, PAGEID ## 524–25. Petitioner attempted to excuse this procedural default by claiming the guilty plea

was not knowing, intelligent, and voluntary because of incorrect legal advice. He raised that claim in a motion to withdraw the guilty plea in state court. Mot. Withdraw, State Court Record, ECF No. 11, Ex. 27. The trial court, the Common Pleas Court of Licking County, Ohio, denied the motion to withdraw. Judgment Entry, State Court Record, ECF No. 11, Ex. 29. Instead of appealing that decision, Petitioner filed a second motion to withdraw the guilty plea, which the trial court denied on the basis of the law of the case. Petitioner appealed the second denial order, but the Fifth District affirmed, holding that *res judicata* bars a second motion to withdraw a guilty plea where the grounds raised were or could have been raised on a prior motion to withdraw. *State v. Churchill*, 2018-Ohio-1031 (Ohio Ct. App. 5th Dist. 2018). Because Petitioner forfeited his ineffective assistance of trial counsel claim by failing to appeal the denial of his first motion to withdraw, the R&R recommended dismissing Petitioner's habeas petition. ECF No. 50, PAGEID # 527.

In his Objections, Petitioner continues to claim his plea was not valid. Obj., ECF No. 55, PAGEID # 541. Instead of the Fifth District's decision on appeal from denial of his second motion to withdraw, he asserts it is that court's decision on his 26(B) Application that is now before this Court. *Id.* However, he fails to explain why that should be so since the Fifth District's decision on appeal from denial of the second motion to vacate is the last reasoned state-court judgment on the issue.

Petitioner also asserts, in conclusory fashion, that *res judicata* should not apply here. Obj., ECF No. 55, PAGEID # 541–42. However, he provides no

support for his assertion, and the Sixth Circuit has repeatedly held that Ohio's *res judicata* doctrine in criminal cases is an adequate and independent state ground of decision for purposes of procedural default. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160–61 (6th Cir. 1994) (citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

In his Application to Reopen his direct appeal, made under Ohio R. App. P. 26(B), Petitioner claimed he received ineffective assistance of appellate counsel when his appellate attorney failed to raise as an assignment of error that he had received ineffective assistance of trial counsel when his trial attorney did not raise a speedy trial claim. In its decision, the Fifth District decided there was no merit to the speedy trial claim under Ohio law. *State v. Churchill,* Delaware App. No. 15CAA10084, Judgment Entry, Apr. 3, 2017 (unreported; copy at State Court Record, ECF No. 11, Ex. 26).

The R&R concluded that this Court is bound on this question by the Fifth District's determination of Ohio law. R&R, ECF No. 50, PAGEID # 529 (citing *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008) (*quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003); Caldwell v.*

*Russell*, 181 F.3d 731, 735–36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986)).

Petitioner argues that we are *not* bound by the Fifth District's decision and then proceeds to argue at length his belief as to the correct interpretation of Ohio speedy trial law in his case. Obj., ECF No. 55, PAGEID ## 542–46. In claiming we are free to reach our own decision about what Ohio law requires, Petitioner cites *Arrambide v. Hudson,* No. 1:08CV65, 2010 U.S. Dist. LEXIS 90727 (N.D. Ohio July 23, 2010). In that case, Magistrate Judge Pearson wrote:

> Rulings by the state's highest court on matters of state law are binding on federal courts. *Wainwright v. Goode,* 464 U.S. 78, 84, 104 S. Ct. 378, 78 L. Ed. 2d 187 (1983). Further, a federal court may not second-guess a state court's interpretation of its own procedural rules. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Thus, even if a state court errs in applying its own procedural default statute, the error is not cognizable in federal habeas review. *Simpson v. Jones,* 238 F.3d 399, 406-07 (6th Cir. 2000).

*Id.* at *14. Petitioner emphasizes the word "highest," but Judge Pearson did not say *only* the "highest" state court's rulings are binding on federal courts. The balance of the quotation supports the R&R's conclusion in this case that this Court is bound by the Fifth District's interpretation of Ohio's speedy trial statutes.

Petitioner also relies on *Olsen v. McFaul*, 843 F.2d 918 (6th Cir. 1988). The *Olsen* Court held that, in the course of deciding the case before it, the intermediate Ohio appellate court had ignored *Frisbie Co. v. City of East Cleveland*, 98 Ohio St. 266, 120 N.E. 309 (1918), which the Sixth Circuit found to be controlling Ohio law.

*Olsen* provides authority to examine whether the Fifth District's speedy trial decision in this case is in accord with Ohio Supreme Court precedent.

But Petitioner concedes that the Ohio Supreme Court has not spoken to the question he believes is decisive: whether Ohio Revised Code § 2941.401 applies to prisoners in county jails. He suggests that *State v. Black*, 142 Ohio St. 3d 332 (2015), creates a strong inference that, if it did decide the question, the Supreme Court of Ohio would adopt his position. This Court is unpersuaded. *Black* involved construing the Interstate Agreement on Detainers, codified at Ohio Revised Code § 2963.30, and refers only in dictum to intermediate appellate court decisions involving Ohio Revised Code § 2941.101.

But even if *Black* were directly in point, it would not be sufficient to warrant granting the writ. The *Olsen* Court noted that, once the state-law question is decided, habeas relief depends on proving a constitutional violation. If Ohio law were so clear that a motion to dismiss on speedy trial grounds would plainly have been granted, then it could have been ineffective assistance of trial counsel to recommend a plea agreement. But Ohio law is not that clear, as shown above.

Alternatively, Petitioner claims the Fifth District's decision is based on an unreasonable determination of the facts and is thus not entitled to deference under 28 U.S.C. § 2254(d)(2). He asserts this unreasonable determination of facts was made in the Fifth District's denial of his 26(B) Application. The Court disagrees. Examining the Fifth District's decision on the 26(B) Application, the Court notes the critical factual determination the Court of Appeals made is that Petitioner never

provided notice of his availability for trial, which is required to start the speedy trial clock under Ohio Revised Code § 2945.71. Judgment Entry, State Court Record, ECF No. 11, Ex. 26, PAGEID # 141, *et seq.* Petitioner does not contest that factual finding.

Having considered Petitioner's Objections de novo, the Court concludes they are without merit and **OVERRULES** the same.  The Clerk will enter judgment dismissing the Petition herein with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability, and the Court **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

___/s/ Michael H. Watson_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**